UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MELVIN ROBISON | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Case No. 2:14-cv-130-JMS-DKL |
| | ) |
| STANLEY KNIGHT | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Melvin Robison for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. XAF 13-11-04. For the reasons explained in this Entry, Mr. Robison's habeas petition must be **denied**.

**Discussion**

**A.  Standard**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974).

**B. The Disciplinary Hearing**

On November 4, 2013, David Mackey, shift supervisor at Liberty Hall Work Release Correctional Facility, wrote a Report of Conduct in case number XAF-13-11-04 ("conduct report") (Exhibit A) charging Robison with escape. The conduct report states:

> Resident Robison, Melvin was out on a Common Pass to the Library. Resident was due back at 1430. Spoke with Ms. Augastino who stated that they never checked in at the library. All calls made at 1700, without locating the Resident. At 730 a warrant will be requested. E-mail sent out to the Langhammer, CEC Corp. and DOC. Resident is charged with Escape, and placed on Complete restriction.

On November 5, 2013, Mr. Robison was notified of the charge of escape and served with the Notice of Disciplinary Hearing (Screening Report). The screening report notified Mr. Robison of his rights. Mr. Robison pled not guilty and waived 24-hours' notice of his hearing. Further, Robison declined his right to have a lay advocate, to call a fellow offender as a witness, and to request physical evidence. Given Robison's waiver of 24 hour notice, the hearing was held on the same day notice was served (November 5, 2013).

During the disciplinary proceeding, Robison stated, "I was with some girls. I have been locked up for eight years. I stayed all night at a bus stop by the zoo." At the conclusion of the proceeding, the hearing officer relied upon the staff report and found Robison guilty of escape. The following sanctions were imposed: a 180-day deprivation of earned credit time and a demotion from credit class 1 to credit class 3. Robison's appeals were denied and he filed this petition for a writ of habeas corpus.[1]

---

[1] Mr. Robinson asserts that his appeal was untimely but the Respondent concedes that "there was a miscommunication" regarding the appeal. Therefore the Respondent and the Court address the merits of the petition.

**C. Analysis**

Mr. Robison challenges the disciplinary action taken against him, arguing that he did not receive notice or any written statement of evidence or reason behind the decision and that the evidence against him is insufficient to sustain the disciplinary action.

1. *Notice*

Mr. Robison first argues that he was not given notice or a written statement of the evidence behind the decision. But the written statement of evidence, the conduct report, and the screening report, all bear Mr. Robison's signature, demonstrating that he reviewed the documents. Mr. Robison admits that he signed these documents, but argues that he was not provided copies of these documents in violation of DOC policy. Due process does not require that he be given copies of those documents. To the extent that Mr. Robison argues that the failure to provide him the documents violated DOC policy, such a violation does not demonstrate a violation of due process. *See Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief); *see also Estelle v. McGuire*, 502 U.S. 62 (1991) (state law violations do not entitle prisoners to habeas relief).

Even if Mr. Robison was denied certain documents to which he was entitled, when a due process error occurs in a disciplinary proceeding, the burden is on the offender to show that the error had a substantial and injurious effect on the outcome of the proceeding. *O'Neal v. McAninch*, 513 U.S. 432 (1995). Here, Mr. Robison fails to show how the outcome of his disciplinary proceeding would have changed if any of the violations that he claims took place did not occur. In fact, Mr. Robison admits that he was late returning to the facility. He therefore has failed to show any prejudice he has suffered based on any alleged due process violation.

2. *Sufficiency of the Evidence*

Mr. Robison also argues that the evidence was insufficient to convict him of escape and that the definition of escape is vague.

To support a disciplinary conviction, due process requires only that the Hearing Officer's decision be supported by "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003). The "some evidence" test is satisfied by "any evidence in the record that could support the conclusion reached by the disciplinary board," even if "no direct evidence" exists. *Hill,* 472 U.S. at 455-57. A federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1994).

It is well-settled that a conduct report alone may provide "some evidence" of guilt. *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). The conduct report in this case states that Robison was required to return to the facility at 1430 on November 4, 2013, but two and a half hours later, at 1700, Robison still had not returned to the facility. At the disciplinary hearing, Robison admitted that he had spent the night at a bus stop instead of returning to the facility. This is sufficient evidence to find Mr. Robison guilty of escape. To the extent that Mr. Robison argues that the definition of "escape" is vague, he refers to the Black's Law Dictionary definition of escape, but the Disciplinary Code for Adult Offenders clearly defines escape, as relevant here, as not returning within two hours. It is undisputed here that, having stayed out all night, was far more than two hours late returning to the facility in violation of facility rules.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Robison's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: October 30, 2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Melvin Robison
DOC # 945866
Plainfield Correctional Facility
727 Moon Road
Plainfield, IN 46168

All electronically registered counsel